MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GINA ALTOMARE (State Bar No. 273099)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California 94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
ARASH AKBARIEH

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARASH AKBARIEH, Individually,<br><br>Plaintiff,<br>vs.<br><br>CITY OF CHICO, a public entity, CHICO CHIEF OF POLICE KIRK TROSTLE, in his individual and official capacities, POLICE OFFICER M. CALDWELL, individually, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his attorneys, HADDAD & SHERWIN, for his Complaint against Defendants, states as follows:

**JURISDICTION**

1. This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff ARASH AKBARIEH ("AKBARIEH"), on or about February 9, 2013 and spanning into February 10, 2013, in the City of Chico, County of Butte, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth

Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

2. A substantial part of the events and/or omissions complained of herein occurred in Butte County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

**PARTIES AND PROCEDURE**

3. Plaintiff ARASH AKBARIEH is a resident of CALIFORNIA.

4. Defendant CITY OF CHICO is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Chico Police Department ("CPD"), and employs and/or is responsible for other defendants in this action.

5. Defendant CHICO CHIEF OF POLICE KIRK TROSTLE at all material times was the Chief of Police for the Chico Police Department, and was acting within the course and scope of that employment. He is sued in his individual and official capacities.

6. Defendant POLICE OFFICER M. CALDWELL ("CALDWELL") at all material times was employed as a police officer by Defendant CITY OF CHICO, and was acting within the course and scope of that employment.

8. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious

names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the CITY OF CHICO and the CPD, and at all material times acted within the course and scope of that relationship.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants CALDWELL and other DOE Defendants.

10. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11. At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful seizure of and use of excessive force against Plaintiff, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

12. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the CITY OF CHICO.

13. The acts and omissions of Defendants CALDWELL, and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CITY OF CHICO and CPD.

14. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

15. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

16. On or about on or about February 9, 2013 and spanning into February 10, 2013, in the City of Chico, County of Butte, California, at approximately 11:45 pm, Plaintiff AKBARIEH was attending a house party in the vicinity of 345 Oak Street. At that time, Plaintiff AKBARIEH was readily recognizable as a man of Middle Eastern, specifically Persian (Iranian) descent, and speaks English with his native Farsi accent. Plaintiff AKBARIEH had permission from the property's residents to be on the premises, was over the age of 21 years and was not intoxicated. Throughout this entire incident, there were no facts from which an objectively reasonable officer could believe that Plaintiff was intoxicated.

17. CPD officers, including Defendants CALDWELL and DOES 1-10, arrived on the property reportedly to break up the house party. Plaintiff AKBARIEH was in the front yard of the home when CPD officers, including on information and belief, Defendants CALDWELL and DOES 1-10, ordered the remaining party-goers to either leave the premises or go inside the house. Plaintiff AKBARIEH complied with this order and began walking toward the house's front door, placing a closed bottle of alcohol, of which he was lawfully in possession, inside of his jacket.

18. As Plaintiff approached the front entrance of the house, Defendant CALDWELL, on information or belief, approached Plaintiff and without any warning grabbed Plaintiff AKBARIEH's arm and twisted it forcefully behind his back, immobilizing him and causing him

great pain. Defendant CALDWELL, on information on belief, then ordered Plaintiff to drop his alcohol, which Plaintiff could not do because the bottle was now wedged between his twisted arm and the side of his body. Plaintiff was not resisting and told Defendant CALDWELL in his accented English that he was over the age of 21 years and was not intoxicated.

19. Moments later, and without warning, DOES 1-3, together with Defendant CALDWELL slammed Plaintiff forcefully to the ground. On information and belief, Defendant CALDWELL, together with two other DOE Defendants, jumped on top of Plaintiff and forcefully placed their knees on Plaintiff's jaw, neck and back, pinning Plaintiff to the ground. Plaintiff did not resist. Despite the fact that Plaintiff was not resisting and was restrained on the ground and defenseless, a third DOE Defendant then jumped onto Plaintiff, landing on Plaintiff's knee. When this occurred, Plaintiff experienced excruciating pain and felt his knee dislocate.

20. After restraining Plaintiff AKBARIEH on the ground for a number of minutes, Defendants CALDWELL and DOES 1-3 then attempted to walk Plaintiff away from the scene. Due to the injury to his knee, Plaintiff could not walk, attempted to explain this to the Defendant officers and requested medical assistance. Defendants CALDWELL and DOES 1-3 ignored Plaintiff's requests and dragged him to a nearby police vehicle. When they reached the car, they threw Plaintiff, who was handcuffed with his hands behind his back and not resisting in any way, face-first into the trunk of the vehicle, injuring Plaintiff's face. On information and belief, in the presence of Defendants CALDWELL and DOES 1-3, one of those officers then demanded to know Plaintiff's national origin, asking him what kind of accent he has and then saying, "You don't sound American." None of the officers present when those bias-based statements were made, including Defendants CALDWELL and DOES 1-3, opposed such statements of bias in any way.

21. Defendants' use of control holds and other physical force, together with the conduct described in ¶¶18 -20 above, constituted excessive force under the circumstances that caused severe injury to Plaintiff.

22. Despite Plaintiff's multiple requests for medical assistance for his injuries, Defendants CALDWELL and/or DOES 1-10 instead took Plaintiff to the Butte County Jail. At the jail, Plaintiff was given a breathalyzer test, which showed that he was not intoxicated.

23. At all times during Plaintiff’s contact with Defendants, Plaintiff behaved peacefully and lawfully. Plaintiff never possessed or displayed any weapon, or threatened anyone in any way.

24. Although Defendants attempted to have Plaintiff charged with multiple crimes as a result of this incident, no criminal charges were ever filed against Plaintiff.

25. The force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances.

26. Defendants’ seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right, lasted an excessive amount of time, and was conducted unreasonably.

27. Alternatively, or concurrently, Defendants’ own excessive and unreasonable actions created the situation in which Defendants decided to use force against Plaintiff, and caused an escalation of events leading to their use of force against and injury to Plaintiff AKBARIEH.

28. Defendants’ unreasonable seizure and use of excessive force against Plaintiff was done at least in part because of Plaintiff’s race and/or national origin, and because he speaks English with an accent.

29. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

30. Since that day, Plaintiff has required continuing medical treatment for his injuries caused by Defendants, including knee surgery. Plaintiff has incurred significant medical bills.

31. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a. Severe physical injuries requiring surgery and other medical treatment, including but not limited to severe dislocation and damage to the ligature of the knee (right leg), soft tissue injuries, cuts and lacerations.

b. Wrongful seizure and imprisonment with loss of liberty;

c. Pain and suffering, including emotional distress;

d. Medical expenses;

e. Lost earnings and earning capacity;

f. Violation of constitutional rights;

g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

32. Plaintiff filed a timely claim with Defendant CITY OF CHICO pursuant to California Government Code § 910 et seq. on June 10, 2013. Defendant CITY OF CHICO has never acted to approve or reject that claim.

**COUNT ONE**
**-- 42 USC §1983 --**
**DEFENDANTS CALDWELL AND DOES 1-10**

33. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

34. By the actions and omissions described above, Defendants CALDWELL and DOES 1-10 violated 42 USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments; and

c. The right to Equal Protection of the Laws as secured by the Fourteenth Amendment.

35. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 31, above.

36. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

37. The conduct of Defendants CALDWELL and DOES 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law.

38. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and law.

**COUNT TWO**
**- 42 USC §1983 – Supervisory and Municipal Liability**
**DEFENDANTS CITY OF CHICO, KIRK TROSTLE,**
**AND DOES 1-10**

39. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

40. On information and belief, the unconstitutional actions and/or omissions of Defendants CALDWELL and DOES 1-10, as well as other officers employed by or acting on behalf of Defendants CITY OF CHICO and CPD, were pursuant to the following customs, policies, practices, and/or procedures of the CPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by DEFENDANT KIRK TROSTLE and other policy making officers for the CITY OF CHICO and the CPD:

a. To use or tolerate the use of excessive and/or unjustified force, including in the use of tackling, restraint tactics, application of force, and violation of the duty to intervene to stop the use of excessive force by other officers;

b. To engage in or tolerate unreasonable seizures;

c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of physical arrest tactics and control holds, when the need for such training, supervision, policies, and procedures is obvious;

d. To cover-up violations of constitutional rights by any or all of the following:

i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures and/or excessive force;

ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or “coach” witnesses to give false information and/or to attempt to bolster officers’ stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

e. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct;

f. To allow, tolerate, and/or encourage bias-based policing;

g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

41. Defendants CITY OF CHICO, TROSTLE, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants CALDWELL other DOES 1-10, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

42. The unconstitutional actions and/or omissions of Defendants CALDWELL, DOES 1-10 and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by Defendant TROSTLE and other policy making officers for the CPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF CHICO and the CPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF CHICO and the CPD, including Defendant TROSTLE, have approved of the conduct of Defendants CALDWELL, DOES 1-10 and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY OF CHICO and the CPD, including Defendant TROSTLE, have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

43. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY OF CHICO, TROSTLE, and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 34, above.

44. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

45. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF CHICO, TROSTLE, and DOES 1-10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 35-38, above, and punitive damages against TROSTLE and DOES 1-10 in their individual capacities. Plaintiff does not seek punitive damages against Defendant CITY OF CHICO.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL DEFENDANTS**

46. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

47. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c. The right to Equal Protection of the Law as secured by the Fourth Amendment;

d. The right to Equal Protection of the Law as secured by the California Constitution, Article 1, Section 7;

e. The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

f. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

g. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

48. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct constituting threats, intimidation, or coercion:

a. detaining Plaintiff without any command to stop, warning, or reasonable suspicion;

b. restraining, tackling and using force against Plaintiff in the absence of any threat or justification whatsoever;

c. a DOE Defendant jumping on Plaintiff's knee after he was already restrained by Defendant CALDWELL and two other DOE defendants on the ground and not resisting, attempting to flee, or posing any threat;

d. arresting Plaintiff without probable cause, including forcing Plaintiff to the ground and handcuffing him;

e. throwing Plaintiff, while he was handcuffed and already severely injured, face-first into the trunk of a police vehicle without justification and without any threat from Plaintiff;

f. continuing Plaintiff's arrest and custody after any probable cause that Defendants may have erroneously believed existed to justify arresting the plaintiff had eroded, such that the officers' conduct became intentionally coercive and wrongful; and

g. violating Plaintiff's rights to be free from unlawful seizures under Cal. Const. Art. 1, Sec. 13, by both wrongful arrest and excessive force (*see, Bender v. County of Los Angeles*, 217 Cal.App.4th 968 (2013).

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 35-38, and all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**COUNT FOUR**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL DEFENDANTS**

50. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

51. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against his person or property because of his race and/or national origin.

52. As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 35-38, and all damages allowed by California Civil Code §§52, 51.7, and California law, not limited to attorney fees, costs, treble damages, and civil penalties.

**COUNT FIVE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL DEFENDANTS**

53. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

54. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

55. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

56. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

a. to refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff;

b. to refrain from wrongfully arresting and/or detaining Plaintiff, or tolerating such conduct by others;

c. to refrain from tactics and conduct that lead to the otherwise unnecessary seizure of and use of force against Plaintiff;

d. to refrain from abusing their authority granted them by law;

e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

57. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY OF CHICO, TROSTLE, and Does 1-10, include but are not limited to the following specific obligations:

a. to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or CPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 40, above.

58. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

59. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 35-38.

**COUNT SIX**
**-- ASSAULT AND BATTERY --**
**DEFENDANTS CALDWELL, DOES 1-10, AND CITY OF CHICO**

60. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

61. The actions and omissions of Defendants as set forth above constitute assault and battery.

62. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 35-38.

**COUNT SEVEN**
**-- FALSE ARREST AND IMPRISONMENT --**
**DEFENDANTS CALDWELL, DOES 1-10, AND CITY OF CHICO**

63. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

64. At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or was about to commit a crime. Defendants also lacked reasonable suspicion to detain Plaintiff at any time, and Defendants were not engaged in any lawful investigative detention of Plaintiff.

65. Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff’s freedom of movement, and compelled Plaintiff to remain and/or move against his will. Defendants authorized, directed, and assisted in procuring, without process, Plaintiff’s unlawful arrest and imprisonment.

66. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶35-38.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b. punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

d. Injunctive relief, including but not limited to the following:

i. an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force; and

ii. an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

iii. an order prohibiting Defendants from bias-based policing.

e. such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED: August 29, 2013 HADDAD & SHERWIN

/s/ _Michael J. Haddad________________
MICHAEL J. HADDAD
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby requests a trial by jury.

DATED: August 29, 2013

HADDAD & SHERWIN

/s/_Michael J. Haddad____________________
MICHAEL J. HADDAD
Attorneys for Plaintiff